UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DR. AMANDA LUKES, DC

                    Plaintiff,                    Civil Case No.:

-vs.-

KRE PUBLISHING, LLC and
RYAN BREEN

                    Defendants.

---

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

**AS AND FOR A COMPLAINT against the Defendants**, Plaintiff DR. AMANDA LUKES, DC, by and through her undersigned counsel, alleges and states the following:

### OVERVIEW:

1. This is an action seeking to prohibit Defendants' ongoing and unauthorized sale and distribution of copyrighted works authored by Plaintiff, and to recover damages from Defendants resulting from their infringement of Plaintiff's copyright.

### PARTIES:

2. Plaintiff Dr. Amanda Lukes, DC, is an individual who is domiciled in Beltrami County, Minnesota. At times relevant to this Complaint, Plaintiff conducted business under the assumed name "Timber Essence."

3. Upon information and belief, Defendant KRE Publishing, LLC ("***KRE Publishing***"), is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 1233 Wiley Road, Savannah, New York 13146.

4. Upon information and belief, Defendant Ryan Breen is an individual domiciled in Wayne County, New York.

5. Upon information and belief, Breen is an officer and member of KRE Publishing.

6. Upon information and belief, KRE Publishing and/or Breen sometimes do business under the assumed name "Simply Diffusers."

## JURISDICITION AND VENUE:

7. This Court has jurisdiction over this action under 28 USC §1331 and Title 17 of the United States Code.

8. Venue is proper in this District pursuant to 28 USC §1391(b)(1), because Defendants both reside in this District.

## FACTUAL ALLEGATIONS:

9. Plaintiff is the author of two original literary works of authorship. The first such work is entitled REDISCOVERING NATURE'S ESSENTIALS: A SYSTEMATIC APPROACH (the "*Standard Book*"). An application for the registration of Plaintiff's copyright for the Standard Book was submitted to the United States Copyright Office on August 9, 2018.

10. Plaintiff is also the author of the original literary work REDISCOVERING NATURE'S ESSENTIALS: A SIMPLIFIED ESSENTIAL OIL DESK REFERENCE (the "*Deskbook*"). An application for the registration of Plaintiff's copyright for the Deskbook was submitted to the United States Copyright Office on August 9, 2018.

11. Beginning in September, 2015, Plaintiff and Defendants agreed in an unwritten agreement that Defendants would publish and distribute both the Standard Book and the Deskbook in the United States. (The Standard Book and the Deskbook are sometimes referred to collectively as "*Dr. Lukes' Works*"). Pursuant to the terms of that unwritten agreement,

Defendants were to report to Plaintiff on a quarterly basis with respect to their sales of Dr. Lukes' Works, and Plaintiff was to receive 40% (forty percent) of all of Defendants' gross sales of Dr. Lukes' Works.

12. Consistent with the terms of that unwritten agreement, beginning in late 2015, Defendants began distributing Dr. Lukes' Works: (i) through Defendants' own website www.krepublishing.com; (ii) as a vendor using the assumed name "Simply Diffusers" on the website www.amazon.com; (iii) at conventions; and (iv) through other channels and methods.

13. Further consistent with the terms of that unwritten agreement, on or about December 28, 2015, KRE Publishing transmitted to Plaintiff an accounting purporting to show that, in the last quarter of 2015, KRE Publishing sold 6,082 copies of Dr. Lukes' Works. The December 2015 accounting was accompanied by a payment in the amount of $5,582.27, bearing the memo "Book Royalty October 23 – Dec 28, 2015 (Part 1)."

14. On or about February 5, 2016, KRE Publishing made a payment to Plaintiff in the amount of $18,984.07. The payment was not accompanied by any accounting.

15. On or about August 24, 2016, KRE Publishing made a payment to Plaintiff in the amount of $10,000.00  The payment was not accompanied by any accounting.

16. On or about September 1, 2016, KRE Publishing made a payment to Plaintiff in the amount of $11,987.67. The payment was not accompanied by any accounting.

17. On September 9, 2016, KRE Publishing made a payment to Plaintiff in the amount of $10,000.00. The payment was not accompanied by any accounting.

18. On or about October 14, 0216, KRE Publishing made a payment to Plaintiff in the amount of $7,279.34. The payment was not accompanied by any accounting.

19. On or about January 20, 2017, KRE Publishing made a payment to Plaintiff in the amount of $10,301.24. The January 2017 payment was accompanied by an accounting, which purported to show that 3,858 copies of Dr. Lukes' Works had been sold in the third and fourth quarter of 2016.

20. Plaintiff has received no accounting from Defendants for copies of Dr. Lukes' Works sold in the first quarter of 2016, or the second quarter of 2016.

21. Plaintiff has received no payments from Defendants since January, 2017.

22. Defendants have not accounts for any sales of Dr. Lukes' Works since January 2017.

23. Upon information and belief, Defendants also offer for sale to the public a literary work entitled Above the Wellness Line: and Introduction to Young Living Essential Oils ("*Above the Line*"). The work "Above the Line" includes portions of Dr. Lukes' Works, which are protected by Plaintiff's copyright.

24. On January 29, 2018, by correspondence delivered via certified mail, Plaintiff terminated Defendants rights to sell or otherwise distribute Dr. Lukes' Works (the "*Termination Letter*"). The Termination Letter stated:

> Effective immediately, Dr. Lukes terminates any right to
> distribute Dr. Lukes' Work, or any derivatives thereof. All
> further sales of Dr. Lukes' Work by you or for your benefit
> shall be deemed and unauthorized misappropriation. You,
> and all parties claiming through you, are directed to
> CEASE AND DESIST all further sales of Dr. Lukes'
> Work, or any derivative, in any format.

25. Breen executed a receipt for the Termination Letter on January 31, 2018.

26. Defendants continue to offer Dr. Lukes' Works for sale to the public as of the date of this Complaint, both on www.krepublishing.com; and as a vendor on www.amazon.com.

Upon information and belief, Defendants also continue to offer Dr. Lukes' Works for sale to the public at conventions and through other channels and methods.

27. Defendants continue to display Dr. Lukes' Works publicly as of the date of this Complaint.

28. Upon information and belief, Defendants have and continue to profit and derive other financial gain through their sale and display of Dr. Lukes' Works.

## FIRST LEGAL CLAIM

29. Defendants' sale and display of Dr. Lukes' Works is in violation of Plaintiff's rights under 17 USC §106(3) and (4), and infringes upon those rights.

30. Beginning no later than January 31, 2018, Defendants' sale and display of Dr. Lukes' Works is a willful violation of Plaintiff's rights under 17 USC §106(3) and (4).

31. Plaintiff requests that this Court grant an Order enjoining Defendants from the sale or distribution of Dr. Lukes' Works, pursuant to 17 USC §502.

32. Plaintiff requests that this Court impound all copies of Dr. Lukes' Works now in Defendants' possession, custody or control, pursuant to 17 USC §503.

33. Plaintiff requests that this Court award judgment in favor of Plaintiff and against Defendants, jointly and severally, for all damages suffered by Plaintiff and profits of Defendants attributable to the infringement of Plaintiff's rights, pursuant to 17 USC §504.

34. Plaintiff requests that this Court award judgment in favor of Plaintiff and against Defendants, jointly and severally, for Plaintiff's costs and reasonable attorneys' fees, pursuant to 17 USC §505.

## SECOND LEGAL CLAIM:

35. By virtue of the relationship between Plaintiff and Defendants, Plaintiff trusted Defendants to well and truthfully account for all sales of Dr. Lukes' Works in computing the compensation due to Plaintiff.

36. Defendants' have not provided a full accounting for the sales of Dr. Lukes' Works prior to Defendants' receipt of the Termination Letter, or after its receipt of the Termination Letter.

37. By and through the Termination Letter, Plaintiff has demanded an accounting, but none has been forthcoming.

38. Plaintiff requests that this Court grant an Order compelling Defendants, jointly and severally, to provide an accounting of all sales of Dr. Lukes' Works, and all revenues derived therefrom.

## THIRD LEGAL CLAIM:

39. Upon information and belief, Defendants have not paid to Plaintiff 40% of all sales of Dr. Lukes' Works.

40. Defendants' failure to pay Plaintiff is a breach of the unwritten agreement between Plaintiff and Defendants.

41. As a consequence of Defendants' failure to pay Plaintiff, Plaintiff has suffered damages in an amount that is as yet undetermined, but will be proved at trial.

42. Plaintiff requests that this Court award a Judgment against Defendants, jointly and severally, and in favor of Plaintiff, in an amount to be determined at trial.

**WHEREFORE, Plaintiff Dr. Amanda Lukes, DC**, requests that this Court award an Order and Judgment granting the relief sought in Plaintiff's First, Second and Third Legal Claims, together with such other and further relief as the Court may deem just, equitable and proper.

DATED:  August 23, 2018
           Rochester, New York

**McCONVILLE, CONSIDINE,
COOMAN & MORIN, P.C.**
*Attorneys for Plaintiff*

_____
William E. Brueckner
25 East Main Street
Rochester, New York 14614
585.546.2500