UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMANDA LUKES, DC,

                    Plaintiff,        6:18-CV-6613 T

        v.                        **DECISION AND ORDER**

KRE PUBLISHING, LLC, and
RYAN THOMAS BREEN

                    Defendants.
_____

## **INTRODUCTION**

Plaintiff Amanda Lukes, D.C., filed this action on August 23, 2018, alleging violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. (Docket No. 1). Presently before the Court is Plaintiff's motion for a default judgment. Docket No. 9. For the following reasons, Plaintiff's motion is denied without prejudice.

## **BACKGROUND**

In her complaint, Plaintiff alleges that she entered into an "unwritten agreement" with Defendants to publish and distribute "two original literary works of authorship" (hereinafter, "works"), for which Plaintiff submitted registration applications to the United States Copyright Office. *Id*. at 2. Pursuant to the unwritten agreement, Plaintiff was to receive forty percent of all Defendants' gross sales of her works, based on a quarterly accounting of those sales. *Id*. at 3. Plaintiff alleges that Defendants failed to provide her with certain accountings or

payments. *Id*. at 4. Plaintiff further alleges that Defendants continued distributing her works after January 2018, even though Plaintiff terminated their rights to sell or distribute those works. *Id*. at 5.

Defendants were served with a copy of the complaint on September 8, 2018. Docket Nos. 4, 5. On October 15, 2018, Plaintiff filed an Affidavit in Support of a Request for Entry of Default, which stated the Defendants' date for answering the complaint on October 9, 2018, had expired. (Docket No. 6-1). Plaintiff therefore requested that the Clerk of Court enter a default judgment against Defendants. *Id*. Plaintiff also filed a certificate of service, stating that she served a copy of the request for default judgement by United States Mail. Docket No. 7. On October 16, 2018, the Clerk of Court entered default against Defendants. Docket No. 8.

On November 2, 2018, Plaintiff filed a Motion for Default Judgment, pursuant to Fed. R. Civ. P. 55. Docket No. 9. In her motion, Plaintiff requests several forms of relief, including: an award of judgment by default against Defendants; enjoining Defendants from further distributing Plaintiff's works, which are protected under the Copyright Act; impounding copies of Plaintiff's works in Defendants' possession; and compelling Defendants to provide an accounting for the calculation of damages. *Id*. at 2.

On November 21, 2018, Defendants, proceeding *pro se*, filed a letter response, providing that they had "been in contact with the plaintiff's [counsel] in an attempt to sort out the details of this case and have submitted the accounting to [Plaintiff's attorney] as requested." Docket No. 12. The remainder of the letter discusses the merits of Plaintiff's case against Defendants, as well as Defendants' offer to resolve the dispute. The letter concludes, "[t]his offer is more than fair to the plaintiff and comes at a financial loss for the defendants who are simply trying to do the right thing and not waste the courts time. We have decided not to use legal [counsel] for financial reasons as the company is in a time of great recession and financial hardship." *Id*. Plaintiff filed a reply on November 26, 2018. Docket No. 13.

## **DISCUSSION**

Pursuant to Fed. R. Civ. P. 55(b), judgment by default may be entered as follows:

> (1) By the Clerk. When the plaintiff's claim against a defendant is a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant. . . .
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefore. . . .

Fed. R. Civ. P. 55(b). A party's default "is deemed to constitute a concession of all well pleaded allegations of liability. . . ." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a default "is not considered an admission of damages." *Id.*; *see also Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. . . . The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.") (internal citations omitted).

"As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). That is, "[w]hen deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

"[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right. . . . Rather, it remains the plaintiff's burden to demonstrate that

those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *RJ Kitchen Assocs. Inc. v. Skalski*, No. 16-1436(LDH)(AKT), 2018 WL 5456672, at *10 (E.D.N.Y. Aug. 2, 2018) (internal quotations and citations omitted) (alteration in original). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

As explained above, in determining whether to grant a default judgement, the Court must consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer. Plaintiff has failed to address these elements, by failing to articulate how Defendants' failure to timely answer the complaint caused her any prejudice. Further, Plaintiff has not shown that Defendants' default was necessarily willful. Rather, Defendants' letter response reveals that they have not ignored Plaintiff's complaint and have attempted to resolve the dispute with Plaintiff, including an offer to return all copies of her works. *See* Docket 12.

Considering Defendants' *pro se* status and Plaintiff's failure to show willfulness or prejudice, entry of a default judgment is not warranted at this time. *See Capitol Records, Inc. v. Thomas*, No. CV-04-4649(DGT), 2007 WL 2071553, at *3 (E.D.N.Y. July 16, 2007) (denying the plaintiffs' motion for default judgment, where bad faith or willfulness was not present, defendant was *pro se* and not warned of the consequences of her failure to appear at deposition, and the plaintiffs failed to show prejudice); *c.f. Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) (entry of default judgment against the defendants was proper, where the defendants ignored Court orders, and the Court imposed a "soft sanction," before resorting to ordering a default judgment).

Accordingly, the Court will not enter a default judgment against Defendants at this time. The Court hereby grants defendant Ryan Thomas Breen an extension of sixty days from the entry of this Decision and Order to obtain an attorney and file a responsive pleading to Plaintiff's complaint. Should defendant Breen elect to proceed *pro se*, he should make his intent to do so known to the Court, and he is similarly directed to file a responsive pleading to Plaintiff's complaint within sixty days.

The Court notes that defendant KRE Publishing, LLC, is a corporation. It is well-settled that corporations are not permitted to represent themselves in federal court. *Rowland v.*

*Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Further, "[t]hat the corporation is a limited liability corporation does not relieve it of the obligation to engage counsel." *Argento v. Santiago*, No. 16-CV-6172P, 2019 WL 948196, at *2 (W.D.N.Y. Feb. 27, 2019).

Accordingly, the Court directs defendant KRE Publishing, LLC, within sixty days of the entry of this Decision and Order, to obtain an attorney and file a responsive pleading in the case. Defendant KRE Publishing, LLC, is hereby advised that failure to obtain an attorney and file a responsive pleading within sixty days may result in the Court granting a default judgement in favor of Plaintiff.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment (Docket No. 9) is denied without prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                       **S/Michael A. Telesca**

                                       MICHAEL A. TELESCA
                                       United States District Judge

DATED: May 29, 2019
      Rochester, New York